IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00503-CMA-KLM

LINDA MACCAGNAN,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
SCOTT SIEGFRIED,
JENNIFER PERRY,
BRENDA SMITH,
KELLY BATES,
ANNE EGAN,
KAREN FISHER,
ANGELA GARLAND, and
JANICE MCDONALD,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

This matter is before the Court on Plaintiff Linda Maccagnan's Motion for Leave to File Surreply. (Doc. # 102.) For the following reasons, the Motion is denied.

This is an employment case in which Plaintiff asserts various discrimination, due process, and retaliation claims, among others, against her former employer Cherry Creek School District No. 5 and district officials. The parties filed cross-motions for summary judgment on May 22, 2023. (Docs. ## 65, 68.) After United States Magistrate Judge Kristen L. Mix granted Plaintiff leave to take an additional deposition, Judge Mix

also granted the parties leave to file supplements to their motions for summary judgment. (Doc. # 77.) Defendants thereafter filed a three-page supplement to their Motion for Summary Judgment containing relevant evidence from the deposition. (Doc. # 82.) Plaintiff submitted a 25-page response to the Motion for Summary Judgment (Doc. # 87) and a separate 6-page response to the Supplement (Doc. # 92). Defendants followed with their Reply on September 1, 2023. (Doc. # 99.)

On September 5, 2023, Plaintiff filed the instant Motion for Leave to File Surreply. (Doc. # 102.) Therein, Plaintiff argues that she should be permitted to file a sur-reply because in their Reply Defendants (1) inappropriately request to strike Plaintiff's exhibits attached to her response to the supplement (Doc. # 93) from the record; (2) provide a new legal analysis of a Colorado statute, the Teacher Employment, Compensation, and Dismissal Act, Colo. Rev. Stat. § 22-63-202(2)(b)(I); and (3) "misstate many of the facts and much of the evidence." (Doc. # 102 at 1–2.) Defendants filed a response opposing Plaintiff's Motion for Leave to File Surreply (Doc. # 104), and Plaintiff followed with her reply (Doc.# 105).

Sur-replies are not contemplated by this district's local rules and are generally disfavored. *See* D.C.Colo.LCivR. 7.1(d) (describing the procedure for filing only a motion, response, and reply); *Cont'l W. Ins. Co. v. Colony Ins. Co.*, No. 13-cv-01425-WYD-MJW, 2014 WL 2536519, at *2 (D. Colo. June 5, 2014). However, courts in this district will permit sur-replies in exceptional circumstances, such as when new information is raised for the first time in a movant's reply. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The Tenth Circuit has explained that

2

consideration of issues raised for the first time in a reply brief "robs the [non-moving party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Thus, when new arguments are inserted into a reply, a court "may avoid error by (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply." *E.E.O.C. v. Outback Steak House*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006).

Upon carefully reviewing the summary judgment briefing and the briefing for Plaintiff's Motion for Leave to File Surreply, the Court sees no reason to grant Plaintiff leave to file a sur-reply in this case. First, Plaintiff argues that Defendants inappropriately request that her exhibits at Doc. # 93 be stricken. (Doc. # 102 at 1.) The Court disagrees with this characterization. Rather, in their Reply, Defendants object that Plaintiff's attempt to incorporate by reference 11 pages of facts from her own Partial Motion from Summary Judgment (Doc. # 65) and 3 pages of "Additional Undisputed Facts" from her response to the Supplement (Doc. # 92) in her response to Defendant's Motion for Summary Judgment (Doc. # 87) "is an inappropriate attempt to circumvent the Court's page limitations." (Doc. # 99 at 4–5.) Defendants therefore ask that "Plaintiff's incorporation of these 14 pages be stricken." (*Id.* at 5.) The Court finds that Defendants' objection to Plaintiff's attempt to incorporate by reference 14 additional pages into her own response does not constitute a new argument in favor of their Motion for Summary Judgment necessitating a sur-reply. To the contrary, Defendants'

3

argument is an understandable objection to Plaintiff's improper briefing strategy of incorporation by reference. *See Atlantic Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-NYW-KLM, 2023 WL 3096809, at *4 (D. Colo. Apr. 26, 2023) (analyzing Fed. R. Civ. P. 10(c) and explaining that the court "generally does not permit incorporation of one motion into another"); *Lee v. Denver Pub. Schs.*, No. 20-cv-1989-WJM-MEH, 2022 WL 5241884, at *7 n.5 (D. Colo. Oct. 6, 2022) ("The Court views Plaintiff's briefing technique of incorporation by reference as an attempt to circumvent this Court's page limits and an improper approach to litigation.").

Next, Plaintiff argues that Defendants provide "new legal analysis" of Colo. Rev. Stat. § 22-63-202(2)(b)(I) in their Reply. (Doc. # 102 at 2.) However, Defendants' analysis of § 22-63-202(2)(b)(I) was properly asserted in response to Plaintiff's own argument in her Response to the Motion for Summary Judgment that § 22-63-202(2)(b)(I) gave her a property interest in her employment as a principal. It is entirely appropriate for Defendants, in their Reply, to respond to a legal argument raised by Plaintiff in her response.

Finally, Plaintiff argues she should be able to file a sur-reply to respond to Defendants misstatements of facts and evidence. This is not sufficient justification to grant leave to file a sur-reply. To the extent that Plaintiff objects to Defendants' purported misstatements of facts, Plaintiff had adequate opportunity to dispute Defendants' facts and present her own facts in her response.

In sum, the Court finds that Defendants do not raise any new information or arguments in their Reply necessitating a sur-reply.

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Leave to File Surreply (Doc. # 102) is DENIED.

DATED: September 18, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge

5

Case No. 1:22-cv-00503-CMA-KAS   Document 107   filed 09/18/23   USDC Colorado   pg 5 of 5

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Leave to File Surreply (Doc. # 102) is DENIED.

DATED: September 18, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge