IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00503-CMA-KAS

LINDA MACCAGNAN,

   Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
SCOTT SIEGFRIED,
JENNIFER PERRY,
BRENDA SMTIH,
KELLY BATES,
ANNE EGAN,
KAREN FISHER,
ANGELA GARLAND, and
JANICE MCDONALD,

   Defendants.

___

**ORDER DENYING PLAINTIFF'S MOTION AND
APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL**

___

This matter is before the Court on Plaintiff Linda Maccagnan's ("Ms. Maccagnan") Motion and Application for Leave to Bring an Interlocutory Appeal of this Court's July 17, 2025 Order (Doc. # 160). The Court does not require response or reply briefing to rule on this Motion. For the following reasons, the Court denies Ms. Maccagnan's Motion.

### I.  BACKGROUND

This is an employment case brought by Plaintiff Linda Maccagnan against her former employer, Cherry Creek School District No. 5 (the "District"), and eight individual District administrators or members of the Board of Education ("the Board"). (Doc. # 1 ¶¶ 1–10.) The Court detailed the extensive factual background of this case in its Summary Judgment Order dated September 30, 2024, and incorporates that discussion by reference herein. *See* (Doc. # 148 at 2−29).

In its September 30, 2024 Summary Judgment Order, the Court ruled on the parties' cross-motions for summary judgment, which left only two of Ms. Maccagnan's claims alive for trial – Claim 3 against Individual Defendants Dr. Scott Siegfried, Dr. Jennifer Perry, and Brenda Smith for violations of the Equal Protection Clause of the Fourteenth Amendment and Claim 5 against the District/Board for violations of Title IX, both claims only as they relate to Ms. Maccagnan's demotion. *See* (Doc. # 148). The Court held the Final Trial Preparation Conference ("FTPC") on Thursday, July 17, 2025, and the jury trial is only days away—scheduled to begin Monday, July 28, 2025.

Ms. Maccagnan filed her Motion for Leave to Bring an Interlocutory Appeal on Friday, July 18, 2025, a day after the FTPC, alleging that this Court, for the first time at the FTPC, dismissed Ms. Maccagnan's Claim 3 for violations of the Equal Protection Clause of the Fourteenth Amendment as against the District. *See* (Doc. # 160).

### II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a court may certify an issue for interlocutory appeal in a civil case if it is of the opinion that these three criteria are satisfied: (1) the

2

order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal of the order may materially advance the ultimate termination of the litigation. *In re Adam Aircraft Indus., Inc.*, No. 08-11751 MER, 2009 WL 1636384, at *3 (Bankr. D. Colo. May 21, 2009) (internal quotation marks and citations omitted). "Such certification is limited to cases involving 'unique instances' and 'most exceptional circumstances.'" *Id.* (citations omitted).

### III.   DISCUSSION

The Court first ruled on Ms. Maccagnan's Third Claim as to the District as a matter of law nearly 10 months ago in its Summary Judgment Order, not at the Final Trial Preparation Conference last week, as Ms. Maccagnan suggests in her Motion. At the FTPC, Ms. Maccagnan's counsel raised this issue in stating that the Court's September 30, 2024 Summary Judgment Order "was a little confusing" as to Claim 3 and indicated that she believes Ms. Maccagnan did not lose on her Third Claim as to the District. *See* (FTPC Tr. at 2:13−14). However, the Court's Summary Judgment Order could not have been clearer and Ms. Maccagnan waited until the eve of trial to raise her alleged confusion.

The Court's Summary Judgment Order concluded by stating, "In summary, the surviving claims are Claim 3 against Dr. Siegfried, Dr. Perry, and Brenda Smith for violations of the Equal Protection Clause of the Fourteenth Amendment only as it relates to Ms. Maccagnan's demotion . . . ." (Doc. # 148 at 64.) This summary came after the Court's detailed discussion as to why Ms. Maccagnan's Claim 3 survived as to

3

the Individual Defendants, but was dismissed as to the District/Board[1]. *See* (Doc. # 148 at 55−58). Defendants' counsel and the Court pointed to this discussion at the FTPC, highlighting the Court's finding on page 56 of its Summary Judgment Order that there is no *respondeat superior* liability under Section 1983.[2] *See* (FTPC Tr. at 3:13−4:16).

The Court agrees with Ms. Maccagnan that, under the right circumstances, the District could be found liable under an Equal Protection claim. However, there is no question that such liability is not appropriate in this case. In *Murrell v. School District No. 1, Denver*, a case cited by the Court in its Summary Judgment Order, but never mentioned by Ms. Maccagnan in any of her filings or at the FTPC, the Tenth Circuit held that a School District may be found liable for a violation of the Equal Protection Clause if there is evidence of intentional gender-based discrimination by the School District in the form of an official custom or policy to discriminate. 186 F.3d 1238, 1249−50 (10th Cir. 1999) (dismissing a plaintiff's claim for violation of the Equal Protection Clause of the Fourteenth Amendment as against a School District because the plaintiff's complaint failed to allege and there was no evidence of intentional gender-based discrimination by

---

[1] Ms. Maccagnan has treated the District and the Board as one and the same, including in her recently submitted proposed final jury instructions and verdict form. For purposes of this case, it makes sense to treat the District/Board as a single entity.

[2] (Doc. # 148 at 56) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) (requiring that the defendant had actual knowledge of and acquiesced to the challenged conduct)). *See also Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) ("A government entity may not be held liable under a respondeat superior or vicarious liability theory [in a § 1983 action], but must be shown to have contributed to the constitutional violation through execution of its policy or custom."); *Duran v. Swisstack*, No. 07-CV-906 BRB/WDS, 2008 WL 11414600, at *3 (D.N.M. July 3, 2009) ("While respondeat superior liability may be available in a § 1981 action, brought against a private actor, it is not available in an action brought against a state actor under § 1983.").

the School District in the form of an official policy or custom to discriminate). Just as in *Murrell*, Ms. Maccagnan's Complaint (and her summary judgment briefing, for that matter) is completely devoid of any such allegation related to an official District custom or policy to discriminate, nor is there any evidence of such a custom or policy. *See generally* (Docs. ## 1, 127, 160).[3]

With respect to her Third Claim, Ms. Maccagnan merely alleges generally that "Defendants took these actions intentionally and willfully, knowing that they were unlawful or in reckless disregard of their unlawfulness." (Doc. # 1 ¶ 72.) However, in its Summary Judgment Order, the Court expressly found that there was no evidence demonstrating that the District's Board of Education had knowledge of any facts tending to show disparate treatment. (Doc. # 148 at 56−57.)

The Court ruled on this issue 10 months ago in its Summary Judgment Order. Granting Ms. Maccagnan's present Motion would not materially advance the ultimate termination of the litigation, but rather, would serve only to delay the trial that is scheduled to begin next week.

---

[3] *Murrell* further dispels Ms. Maccagnan's argument that there is an "obvious legal conflict" in the Court's summary judgment ruling dismissing her Equal Protection claim against the District, but allowing her Title IX claim against the District to proceed. *See* (Doc. # 160 at 5). In *Murrell*, the Tenth Circuit affirmed the District Court's dismissal of the plaintiff's Equal Protection sexual harassment claim against the School District, but reversed the District Court's dismissal of the plaintiff's Title IX claim for sexual harassment, finding that the plaintiff had stated a claim against the School District under Title IX. 186 F.3d at 1249−50.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Linda Maccagnan's Motion and Application for Leave to Bring an Interlocutory Appeal of this Court's July 17, 2025 Order (Doc. # 160) is DENIED. The trial will resume as scheduled on Monday, July 28, 2025.

DATED: July 21, 2025

BY THE COURT:

_____
CHRISTINE M. ARGUELLO